UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: **Anthony J. Zott**  CASE NO.13-31824
CHAPTER 13

## NOTICE OF DEADLINE TO OBJECT TO PROPOSED CHAPTER 13 PLAN MODIFICATION

The deadline to file and objection to the attached proposed chapter 13 plan modification is 28 days after service.

If no timely objection is filed, the proponent of the plan modification may file a certificate of no objection and the modified plan will then become effective.

If a timely objection is filed, the Court will set the matter for hearing and give notice of the hearing to the debtor, the proponent of the plan modification, the trustee and any objecting parties. In that even, the plan modification will become effective when the Court enters an order overruling or resolving all objections.

Objections to the attachéd proposed chapter 13 plan modification shall be served on the following:

**United States Bankruptcy Court 226 West Second St. Flint, MI 48502**

**Anthony J. Zott 8008 Stanley, Flushing MI 48433**

**Chapter 13 Trustee 400 N. Saginaw St., Ste. 331, Flint, MI 48502**

Attorneys for Debtors,

\_\_\_/s/ John L. Hicks\_\_\_\_\_
John L. Hicks (P44667)
412 S. Saginaw 1st Floor
Dated: 12/25/14   Flint, MI  48502 (810) 232-2223
jlhicksoffice@gmail.com

*Response or answer must comply with F.R. Civ. P. 8(b) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: **Anthony J. Zott**  CASE NO.13-31824
CHAPTER 13

# CHAPTER 13 POST CONFIRMATION
# PLAN MODIFICATION

The Debtor, **Anthony J. Zott,** proposes the following post-confirmation plan modifications:

1. **To excuse any missed plan payment to the date of this plan modification.**

2. **To decrease payments from $75.00 per Week to $66 .00 per Week due to changed circumstances & new auto payment.**

3. **To treat claim of Foundation Finance as crammed down secured claim in amount of $200.00 per schedule B value of Rainbow Vacuum with balance of claim treated as general unsecured claim.**

4. **To terminate payments to Family Community Credit Union on secured claim for 2006 Volkswagon Jetta and lift stay as to the vehicle. Vehicle is surrendered and any balance onclaim after sale of auto to be treated as general unsecured upon filing of amended claim. Any unpaid balance on claim upon completion of plan to be discharged.**

5. **Per LBR: must state with specificity the impact of the proposed plan modification on each class of creditors**; **Secured claims for 2006 Jetta terminated and collateral surrendered; Omitted Rainbow Vacuum secured claim now treated as cram down; No advers impact on Priority claims; unsecured claims will receive same or higher dividend than originally proposed.**

6. In all other respects, the Plan and Order Confirming Plan as last modified remain in full force and effect.

Liquidation Analysis:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 98,000.00 | 98,000.00 | 0.00 | 0.00 | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| **VEHICLES** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 4,300.00 | 5,590.00 | 3,900.00 | 3,900.00 | 0.00 |
| **JEWELRY** | 200.00 | 0.00 | 200.00 | 200.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 200.00 | 0.00 | 200.00 | 200.00 | 0.00 |
| **OTHER** | 0.00 | 9,155.00 | 0.00 | 0.00 | 0.00 |

Amount available upon liquidation $ **0.00**

Less administrative expenses and costs $ **0.00**

Less priority claims $ **0.00**

Amount Available in Chapter 7 $ **0.00**

```
            Attorneys for Debtors,


            ___/s/ John L. Hicks____
            John L. Hicks (P44667)
            412 S. Saginaw 1st Floor
            Flint, MI  48502
            (810) 232-2223
            jlhicksoffice@gmail.com
Dated: 12/25/14
```

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is **43** months

2. Initial Plan Payment:
 $**286.00** per month x **43** months = $**12,298.00** (subtotal)

3. Additional Payments: $ _____ per=

4. Lump Sums: $**0.00**

5. Total to be paid into Plan (total of lines 2 through 4) $**12,298.00**

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

    a. Estimated trustee's fees — $**614.90**

    b. Estimated Attorney Fees and costs through confirmation of plan — $**0.00**

    c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan — $**1,200.00**

    d. Estimated Fees of Other Professionals — $**0.00**

    e. Total mortgage and other continuing secured debt payments — $**0.00**

    f. Total non-continuing secured debt payments (including interest) — $**400.00**

    g. Total priority claims — $**0.00**

    h. Total arrearage claims — $**0.00**

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) $ **2,214.90**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7) *__worksheet estimate does not change/commit unsecured amount__* $ **10,083.10**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6) $ **0.00**

COMMENTS: